```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

RICHARD TORRE,                  :
                                :Civil Action No.  13-1269(RMB/KMW)
            Plaintiff,          :
                                :
            v.                  : **MEMORANDUM OPINION AND ORDER**
                                :
SPIRIT AIRLINES, INC.,          :
                                :
            Defendant.          :


**BUMB, United States District Judge:**

This matter comes before the Court upon Defendant Spirit Airlines, Inc.'s ("Spirit") Motion to Dismiss Counts II, III, and IV of the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow the Motion is GRANTED.

This case arises out of Plaintiff Richard Torre's ("Torre") employment as an aircraft mechanic with Defendant Spirit from 1999 until his termination effective on January 23, 2012. On January 22, 2013, Torre filed a six count Complaint in the Superior Court of New Jersey. Spirit thereafter removed this matter to this Court.

The Complaint alleges, inter alia, that in 2011 Plaintiff began engaging in "whistle-blowing" conduct by "disclosing, objecting to and refusing to participate in Spirit's [alleged] practice of falsifying inspection records and performing improper maintenance on its airplanes and . . . that the company was not

following its own operational procedures." Complt. at ¶5. Plaintiff further alleges that he complained to Spirit's Human Resources department that his supervisor was improperly favoring certain employees while retaliating against others. Complt. at ¶6. As a result of this alleged reporting, Plaintiff contends that he was subject to retaliation culminating in his termination on January 23, 2012.

In Count 1, Plaintiff asserts a claim against Spirit for violations of the New Jersey Conscientious Employee Protection Act ("CEPA") based on this alleged "whistle-blowing" conduct. In Counts II and III, Torre asserts common law claims for wrongful termination and retaliation based on the same facts giving rise to his CEPA claim. In Count IV, Plaintiff alleges a claim for age discrimination under the New Jersey Law Against Discrimination ("LAD").

Defendant moves to dismiss Counts II and III because CEPA's waiver provision, N.J.S.A. 34:19-8, bars such causes of action. Defendant also moves to dismiss Count IV because it fails to comply with Federal Rule of Civil Procedure 8.

**STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all

2

the allegations in the complaint are true, (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)(internal citations omitted).  Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (internal citations omitted).  A district court must accept any and all reasonable inferences derived from those facts. Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990).  Further, the court must view all allegations in the Complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face."

Twombly, 127 S.Ct. at 1974. Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint matter, are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

Spirit contends that Counts II (wrongful termination) and Count III (retaliation) are barred by CEPA's waiver provision. The CEPA waiver provides that:

> the institution of an action in accordance with this act shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, State law, rule or regulation or under the common law.

N.J.S.A. 34:19-8. As held by the New Jersey Supreme Court, "the waiver provision applies only to those causes of action that require a finding of retaliatory conduct that is actionable under CEPA. The waiver exception does not apply to those causes of action that are substantially independent of the CEPA claim." Young v. Schering Corp., 141 N.J. 16, 29 (1995). See also Robles v. United States Environmental Universal Services, Inc., 469 F.App'x. 104, *108(3d Cir. 2012)("Saltos and Robles have waived their wrongful termination claims by filing CEPA claims.")

Torre contends that the "institution of action" language in CEPA's waiver provision means that he need not elect his cause of action until after the completion of discovery or before trial. [Docket No. 7, pp. 10-11]. This Court, however, has previously

4

rejected this argument in Hornung v. Weyerhauser Co., Inc., 2007 U.S. Dist. LEXIS 70080, *15-17 (D.N.J. 2007), and does so here for the same reasons. See also Robles, supra, at *108. Accordingly, this Court holds that Plaintiff waived his CEPA-related claims, Counts II and III, upon his filing of a claim under CEPA.[1]

Defendant also moves to dismiss Count IV, the LAD claim, because the Count contains nothing more than bald assertions. The Court agrees.

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under this Rule, a pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662 (2009)(quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555 (2007)). Although detailed factual allegations are not required, a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is not sufficient. Id. (citing Twombly, 550 U.S. at 555).

Plaintiff alleges in Count IV that at the time he was terminated, he was 66 years old and his termination was based on

---

[1] It bears noting that Plaintiff does not dispute that both Counts II and II are based on identical facts giving rise to his CEPA claim.

age discrimination.  Plaintiff, however, must do more.  A plaintiff claiming a LAD violation must establish (1) that he is a member of a class protected by the anti-discrimination law.; (2) that he was performing his job at a level that met his employer's legitimate expectations; (3) that he was discharged; and (4) that he was replaced by someone sufficiently younger to give rise to an inference of unlawful age discrimination. Brown-Marshall v. Roche Diagnostics Corp., No. 10-5984, 2013 U.S. Dist. LEXIS 101179, at *12, (D.N.J. July 19, 2013)(citing Taylor v. Amcor Flexibles, Inc., 507 F. App'x. 231, 233 (3d Cir. 2012)(race); D'Alessandro v. City of Newark, 08-1886, 2010 U.S. Dist. LEXIS 125964, 2010 WL 4929246, at *7 (D.N.J. Nov. 29, 2010)(age)).  Because Plaintiff has averred only a naked assertion of age discrimination, and he has failed to plead any facts that state a claim to relief that is plausible in its face, Count IV is dismissed without prejudice.  Plaintiff shall have 30 days to amend the Complaint.  Accordingly, for the above reasons,

IT IS ON THIS **8th** day of **October 2013**,

**ORDERED** that Defendant's motion is granted; and it is further

**ORDERED** that Plaintiff shall have until November 4, 2013, to file an amended complaint consistent with this Memorandum Opinion & Order.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge